

```
                                              ┌─────────────────────────────────┐
                                              │             FILED               │
                                              │  CLERK, U.S. DISTRICT COURT      │
                                              │                                 │
                                              │        8/28/2015                │
                                              │                                 │
                                              │ CENTRAL DISTRICT OF CALIFORNIA   │
                                              │ BY: _____CW_____ DEPUTY       │
                                              └─────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMEFLYNET, INC., | Case No. CV 14-9768 FMO (RZx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| LYRIC JEANS, INC., | |
| Defendant. | |

Rule 4(m) of the Federal Rules of Civil Procedure requires the summons and complaint to be served on all defendants no later than 120 days after the filing of the complaint.[1]  In this matter, the Complaint was filed on December 22, 2014.

On April 8, 2015, plaintiff was ordered to show cause why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and Complaint on defendants as required by Rule 4(m).  (See Court's Order of April 8, 2015).  Plaintiff responded to the order to show cause by seeking an extension of time for service and an order authorizing service of process on defendant Lyric Jeans, Inc. ("defendant"), a corporation, via the California Secretary of State.   (Declaration of Craig B. Sanders in Response to Order to Show Cause/Plaintiff's Request to Serve Defendant Via the California Secretary of State ("Response") at 1-2).  The court denied the request for an order allowing service via the Secretary of State

---

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

because plaintiff's counsel failed to make a sufficient effort to show that he exercised reasonable diligence in attempting to serve defendant by other means.  (See Court's Order of August 12, 2015, at 1-2).  The court also noted that the Complaint in this action was filed more than seven months ago, and "[w]hile plaintiff's Response was filed on April 15, 2015, it appears that he has done nothing further to bring to the court's attention the status of the service issues or any additional efforts he has made to effectuate service." (Id. at 2).  The court granted plaintiff until August 24, 2015, to serve the Complaint.  (Id.).  It appears from the record that plaintiff still has not completed service of the summons and Complaint on defendant.  The court docket does not disclose any proof of service, nor any further attempts at service.

## **DISCUSSION**

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, a federal district court has the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See Fed. R. Civ. P. 4(m); see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998).  The burden of establishing good cause is on the plaintiff.  Id. at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

Given the court's Order of April 8, 2015, and Order of August 12, 2015, it is clear that plaintiff has been advised of its obligation to effect service of process within the Rule 4(m) deadline, and that it was placed on notice that dismissal of this action would result if it failed to complete service of process by August 24, 2015.  (See Court's Order of August 12, 2015, at 2) ("Failure to serve the Complaint by this deadline shall result in the action being dismissed for failure to prosecute and comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R.

<u>Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).").  It has now been eight months since plaintiff filed the Complaint, and plaintiff has yet to serve defendant.  It appears that plaintiff has abandoned this action.  Therefore, dismissal of the action is warranted.

Based on the foregoing, IT IS ORDERED THAT Judgment be entered dismissing this action, **without prejudice**, for failure to effect service of process in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 28th day of August, 2015.

/s/
Fernando M. Olguin
United States District Judge